NO. 07-08-0174-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D
 
AUGUST 19, 2008
______________________________

JAY GID BRYAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 14776-0301; HONORABLE ED SELF, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ON ABATEMENT AND REMAND
          Appellant Jay Gid Bryan has filed a notice of appeal from the trial court’s judgment
adjudicating him guilty of endangering a child,


 revoking his community supervision and
sentencing him to two years confinement in the State Jail Division of the Texas Department
of Criminal Justice. The reporter’s record and clerk’s record have been filed. Appellant’s
brief was due to be filed on June 20, 2008, but has not yet been filed. Further, no motion
for extension of time has been filed. 
           By letter dated July 3, 2008, this Court notified appellant’s retained attorney of the
failure and also explained that if no response was received by July 14, 2008, the appeal
would be abated pursuant to Rule 38.8(b) of the Texas Rules of Appellate Procedure. On
July 8, 2008, we received a document entitled “Notice of Nonrepresentation” in which
counsel states he represented appellant at a motion to proceed but was never retained to
represent him on appeal. Accordingly, we now abate this appeal and remand the cause
to the trial court for further proceedings pursuant to Rules 38.8(b)(2) and (3). On remand,
the trial court shall utilize whatever means necessary to determine the following:
          1. Whether appellant truly desires to prosecute the appeal; and
          2. Whether appellant is indigent and entitled to appointed counsel.
 
          Should it be determined that appellant does want to continue the appeal and is
indigent, and that counsel should be appointed, the name, address, telephone number,
and state bar number of newly appointed counsel shall be included in an order. If
necessary, the trial court shall execute findings of fact, conclusions of law, and any
necessary orders it may enter regarding the aforementioned issues and cause its findings,
conclusions, and orders, if any, to be included in a supplemental clerk’s record. A
supplemental reporter’s record of the hearing, if any, shall also be included in the appellate
record. Finally, the trial court shall file the supplemental clerk’s record and the
supplemental reporter’s record, if any, with the Clerk of this Court by September 19, 2008.
          It is so ordered. 
 
                                                                           Per Curiam
 
Do not publish.